Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 969 | **DATE** | March 11, 2011 |
| **CASE TITLE** | Burke v. Swomley et al | | |

**DOCKET ENTRY TEXT:**

The Court finds that jurisdiction is proper and DENIES Plaintiff's unnoticed motion to remand.

■[ For further details see below.]    Docketing to mail notice.

## STATEMENT

After Plaintiff filed a personal injury action in the Circuit Court of Cook County, Illinois, the Defendants removed the case to this Court. Defendants delivered a courtesy copy to the Court of their notice of removal. Attached to that document and referenced in the cover letter to the notice, were the Plaintiff's "motion to remove case back" and the Defendants' opposition to the Plaintiffs' motion. There are numerous problems with the Plaintiff's motion, the least of which is the failure of the Plaintiff to properly notice or file her motion with the Court, instead apparently relying upon Defendants to deliver it as a courtesy to the Court. Failure to properly notice motions before the Court causes them to become lost. Nonetheless, the Court will resolve the Plaintiff's motion, as it is clearly without merit.

Although Plaintiff asks the Court to "remove" the case back to the Circuit Court of Cook County, the Court construes her request as a motion to remand. See 28 U.S.C. § 1447(c). Plaintiff complains that Defendants filed their notice of removal without providing her with a time, date, or courtroom for a hearing. But § 1446, which outlines the procedure for removal, requires no such notice or hearing. 28 U.S.C. § 1446. If a Plaintiff objects to a removal, the proper remedy is to file a motion to remand (which as noted earlier, the Plaintiff has not done). 28 U.S.C. § 1447(c).

Plaintiff next argues that jurisdiction is lacking and therefore the Court should remand the case. Defendants invoke this Court's diversity jurisdiction, alleging that the parties are of diverse citizenship and the amount in controversy is in excess of $75,000. Defendants cite to Plaintiff's Complaint, which seeks damages in excess of $50,000 for an automobile accident in which she suffered and continues to suffer great pain and lost

| STATEMENT |
|---|
| wages both past and future, and from which she incurred and will continue to incur medical bills. Based on those allegations, the Defendants argue there is a reasonable probability that the jurisdictional threshold is met. *See, e.g. Marrs v. Quickway Carriers, Inc.*, 2006 WL 2494746 (noting that where plaintiff alleges serious injury defendant is on notice that jurisdictional threshold is met). Because a plaintiff is the master of the complaint and may not wish to be in federal court, a plaintiff may provide little information about the true value of her claims, in which case a defendant may make a good faith estimate of the stakes involved. *Oshana v. Coca Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). That is what Defendants have done here. After the Defendants removed the case, Plaintiff sent Defendants' counsel a notice that she wished to limit her damages to $30,000. But jurisdiction is determined at the time of removal — and post removal actions, particularly a plaintiff's decision to seek less than the jurisdictional amount — do not affect jurisdiction. *In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010); *Matter of Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1992).<br>    The Court finds that jurisdiction is proper and DENIES Plaintiff's unnoticed motion to remand.<br><br>*/s/ Wm. J. Hibbler* |